# 16

## James NEAL, Plaintiff,

v.

## DISTRICT OF COLUMBIA, et al., Defendants.

### Civil Action No. 94–01528.

United States District Court, District of Columbia.

July 16, 1996.

Daniel McCrea Schember, Gaffney & Schember, P.C., Washington, DC, for James H. Neal.

George C. Valentine, Charles F.C. Ruff, Martin Lewis Grossman, Nicholas Patrick Miller, Office of Corporation Counsel, D.C., Washington, D.C., for District of Columbia.

Lawrence G. McPherson, Office of Corporation Counsel, D.C., Washington, DC, for David D. Roach.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on Defendants' motion for summary judgment. Plaintiff brought suit against the District of Columbia and John Lattimore, Administrator of Lorton under 42 U.S.C. § 1983. He alleged that Defendants violated his rights under the Fourteenth Amendment by holding him in involuntary protective custody after he had requested to be released from voluntary protective custody without making a determination that he was either an escape risk, a threat to others or faced a threat from others.[1]

Plaintiff also brought state claims alleging that the two defendants are jointly and severally liable under the Lorton Regulation Approval Act of 1982 ("LRAA") for holding him in administrative segregation without making the necessary findings and for failing to provide both an initial hearing and periodic housing reviews.

Plaintiff alleges that defendants Lattimore and the District are jointly and severally liable for holding him in involuntary protective custody from December 1, 1992 to June 21, 1993 without making the appropriate findings required by the LRAA[2] and that defendants Lattimore and the District are jointly and severally liable under LRAA § 207 for holding him in involuntary protective custody from April 30, 1992 (the date Neal was supposed to receive his first periodic housing review after his initial placement in administrative segregation) to June 21,

---

1. Plaintiff had requested on December 1, 1992 to be released from protective custody. He alleges that he was improperly held until June 21, 1993.

2. Plaintiff specifically alleges violations of LRAA §§ 200.4, 201.7 *see supra* and 206.1 ("If, after a hearing, the Board determines that the resident should be placed in segregation the Board must prepare within three (3) working days of the hearing, a written statement containing the Board's decision and the factual information upon which the decision is based.")

1993 without holding periodic housing hearings.

On June 12, 1995, this Court handed down a Memorandum Opinion and Order in this matter. In that decision, the Court examined the issue of whether the LRAA creates a private right of action:

> Neither party has adequately briefed the state law questions. It is not clear whether the LRAA even creates a private right of action. If the LRAA does create a private right of action, the parties have not addressed whether plaintiff must exhaust any administrative procedures before bringing a claim under the LRAA. Until the parties address these questions, the Court cannot determine whether Mr. Neal has a state law cause of action and, if so, whether this court will exercise supplemental jurisdiction under 28 U.S.C. § 1367. (Mem.Op. at p. 17)

The Court directed the parties to fully brief these issues. After reviewing the oral and written submissions of both parties, the Court is not satisfied that the parties have adequately addressed this issue. This is through no fault of the parties. The issues before this Court are complex. To date, no court has awarded damages based on a violation of the LRAA or even decided the issue of whether damages are available under the LRAA. (Plaintiff's Reply Brief at p. 3). The D.C Council has recently adopted a resolution clarifying its intent in passing the LRAA, by noting that even injunctive relief should not be available (except in certain limited circumstances not applicable here) for LRAA violations. *See* Resolution *11–198 In the Council of the District of Columbia* January 4, 1996) Indeed, in a recently decided case, the Court of Appeals of this circuit has held that the LRAA does not "give rise to a protected liberty interest ..." *Blango v. Barry,* No. 95–7130, 1996 WL 310161 (D.C.Cir., May 9, 1996).

Plaintiff's case is based squarely upon the LRAA, a regulation enacted by the Council of the District of Columbia. Without this regulation, Plaintiff conceded that he would have no standing to bring his Section 1983 action. The District of Columbia passed, implemented and enforces the LRAA. Comity strongly weighs in favor of having the District of Columbia Courts in the first instance interpret the LRAA and decide whether the District of Columbia intended to create a private right of action, and if so, what remedies, monetary or otherwise, are available to aggrieved parties.

Accordingly, the case will be dismissed in order to allow the Plaintiff to pursue his cause of action through the District of Columbia's administrative or judicial processes. This Court fears that if it enters the fray at this stage, the Federal Courts will be flooded with untold numbers of prisoner damage cases alleging violations of the LRAA, a creation of local government.[3] The District of Columbia has a fair and impartial court system created under Article One of the Constitution of the United States. It is the appropriate forum to decide the issues presented in this matter and award damages under appropriate circumstances.

### CONCLUSION

Since Plaintiff's action is cognizable in Federal Court solely because of the LRAA, a regulation adopted by the Council of the District of Columbia, the prudent course to follow in this case is to refrain from becoming a prisoners "damage court" and allow the Courts and the administrative processes of the District of Columbia to deal with prisoner damage claims arising under the LRAA. Plaintiff's action will be dismissed to allow him to pursue his claim for damages through the District of Columbia's judicial and administrative processes.

---

**3.** The Court's decision in this matter is limited to    after the fact damage actions.